UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
BAILA YANIV, individually and on behalf of
any and all similarly situated consumers,

                        Plaintiff,

         -against-

RUSSO AND BURKE, ATTORNEYS AT LAW,
JOEL L. HECKER, ESQ. and
JOHN and/or JANE DOES 1 – 10,

                        Defendant(s).
---------------------------------------------------------------X

**09 CIV. 6057**

Civil Action No.:

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

**JUDGE CONNER**

Plaintiff BAILA YANIV ("Plaintiff" and/or "YANIV"), by and through its attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendants RUSSO AND BURKE, ATTORNEYS AT LAW ("RB"), and JOEL L. HECKER ("JLH"), and JOHN and/or JANE DOES 1–10 ("Does") (RB, JLH, and Does hereinafter individually and jointly referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.    Plaintiff brings this action on his/her own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2.    Plaintiff is a resident of the State of New York, County of Rockland, residing at 48 Mariner Way, Monsey, N.Y. 10952.

3.    Defendant RB is a New York State corporation providing, amongst other

1

things, debt collection legal services to third parties, as well as engaging in the business of collecting debts, with a principal place of business located at 600 Third Ave., New York, N.Y., 10016. JLH is an Attorney employed by RB.

4. RB and JLH are a "debt collector" as the phrase is defined and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

7. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 on behalf of himself/herself and all persons/consumers, along with their successors in interest, who have received similar debt collection notices and/or letters/communications from the Defendants which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of RB, JLH and the Does.

8. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

9. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or

letters/communications from the Defendant which violates various provisions of the FDCPA.

10. The debt collection notices and/or letters/communications from the Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

11. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether the Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by the Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

12. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

13. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA as codified by 15 USC §1692(k).

14. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

15. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of

inconsistent or varying standards for the parties.

16. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

17. Plaintiff will fairly and adequately represent the Class members' interests in that the Plaintiff's counsel is experienced and, further, anticipates that no impediments in the pursuit and maintenance of the class action as sought herein.

18. Absent a class action the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, this allowing and enabling the Defendant's conduct to proceed and further enjoy the benefit of its ill-gotten gains.

19. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21. On information and belief, on a date better known to the Defendants, Dr. Harry Spiera ("DHS") retained the Defendants to begin collecting an alleged consumer debt

from the Plaintiff ("DHS Debt").

22. On information and belief, on a date better known to the Defendants, Defendants began collecting an alleged DHS debt/consumer debt from the Plaintiff.

23. On or about June 18th 2009, the Defendants sent the Plaintiff a collection letter ("June Letter") dated June 18th, 2009, and a written document (WD) simulating and falsely representing a summons filed in the Civil Court of New York, creating the false impression as to its source, authorization, and approval.

24. The June Letter is a mass-produced computer generated communication.

25. The June Letter was devoid of the required disclosure(s) and/or warning(s) required under 15 USC §1692g.

27. By sending the June Letter without the required disclosure(s) and/or warning(s), the Defendants violated 15 USC §1692g(3),(4) and (5).

28. By sending the WD the Defendant's attempted to deceive, mislead, and intimidate the Plaintiff into believing a lawsuit had commenced and that the papers were legal process.

29. By sending the WD the Defendants violated 15 USC §1692e – preface, 1692e(9),1692 e(10) and 1692e(13).

30. As a result of Defendant's failure to provide the required disclosures and abusive, deceptive and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

31. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "30" herein with the same force and effect as if the same were set forth at length herein.

32. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff and/or the Class violate various provisions of the FDCPA, including but not limited to 15 USC §§1692e, 1692e(9), 1692e(10), 1692(e)(13), and 1692g (3), (4), and (5).

33. As a result of Defendant's violations of the FDCPA, Plaintiff and the Class have been damaged and are entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

34. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff BAILA YANIV, on its behalf and on behalf of the members of the Class, demands judgment from the Defendants RUSSO AND BURKE, JOEL L. HECKER, and JOHN and/or JANE DOES 1–10 as follows:

   A.   For actual damages provided and pursuant to 15 USC §1692k(a)(1);

   B.   For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

   C.   For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

   D.   For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

   E.   A declaration that the Defendants' practices violated the FDCPA; and,

   F.   For any such other and further relief, as well as further costs,

expenses and disbursements of this action, as this Court may deem just and proper.

///

///

Dated:     New York, New York
           July 1st, 2009

                              Respectfully submitted,

                              By: _____
                              Mark Harvey Rephen (MR3384),
                              M. HARVEY REPHEN & ASSOCIATES, P.C.
                              708 Third Avenue, 6th Floor
                              New York, New York 10017
                              Phone:    (212) 796-0930
                              Facsimile: (866) 832-8600

                              *Attorneys for the Plaintiff BAILA YANIV*

To:   RUSSO & BURKE, ATTORNEYS AT LAW, JOEL L. HECKER, ATTORNEY
      600 Third Ave.
      New York, N.Y. 10016
      *(Via Prescribed Service)*

      Clerk,
      United States District Court, Southern of New York
      *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          CASE NO.:

BAILA YANIV, individually and on behalf of any and all similarly situated consumers,

Plaintiff(s),

-against-

RUSSO & BURKE, ATTORNEYS AT LAW, AND JOEL H. HECKER, ATTORNEY and JOHN and/or JANE DOES 1 – 10,

Defendant(s).

_____

## COMPLAINT

_____

*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*708 Third Avenue, 6th Floor*
*New York, New York 10017*
*Phone:   (212) 796-0930*
*Facsimile: (866) 832-8600*

_____